IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL MARTIN,[1] | § | |
| | § | No. 7, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CS21-01966 |
| LONDON VALENTINE, | § | Petition No. 21-15155 |
| | § | |
| Respondent, | § | |
| Appellee. | § | |

Submitted: February 4, 2022
Decided: February 22, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    On January 6, 2022, the appellant, Marshall Martin, filed a notice of appeal from a Family Court order, dated October 7, 2021 and docketed on October 12, 2021, dismissing his custody petition for lack of jurisdiction. A timely notice of appeal was due in this Court by November 11, 2021.[2] The Senior Court Clerk issued a notice directing Martin to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Martin states that the

---

[1] The Court assigns pseudonyms to the parties under Supreme Court Rule 7(d).
[2] Supr. Ct. R. 6(a)(i).

October 7, 2021 order was not sent to him and he did not learn of the order until after the time to appeal had expired. He suggests that the order may have been sent to his former counsel, who was permitted to withdraw, but she did not send the order to him. If he is found to be at fault for the untimely appeal, he requests relief under Family Court Civil Procedure Rule 60(b).

(2) The appellee, London Valentine, notes that the October 7, 2021 order provides that it was sent by email to the parties as well as their counsel on October 12, 2021. Valentine also directs the Court to a Commissioner's order, dated November 16, 2021, describing a hearing that day on Martin's motion to rescind or modify an order of protection from abuse. According to that order, the Commissioner reviewed the Family Court's October 7, 2021 order with the parties at the November 16, 2021 hearing.

(3) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Court within the applicable time period in order to be effective.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[5] Unless an appellant can demonstrate that the failure to

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.1989).
[4] Supr. Ct. R. 10(a).
[5] *Ward v. Taylor*, 2019 WL 4784943, at *1 (Del. Sept. 30, 2019); *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(4)     Even if the October 7, 2021 order incorrectly states that it was sent to him or his counsel did not send it to him as he contends, Martin was made aware of October 7, 2021 order at the November 16, 2021 hearing and in the Commissioner's November 16, 2021 order.  Yet Martin did not file his notice of appeal until more than forty-five days later on January 6, 2022.  This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.[7] To the extent Martin wishes to pursue relief under Family Court Civil Procedure Rule 60(b), he must do so in the Family Court in the first instance.  This appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rules 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *Ward*, 2019 WL 4784943, at *1; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[7] *See, e.g., Gregory v. State*, 2016 WL 3475205, at *1 (Del. May 24, 2016) (dismissing appeal as untimely where even if September 29, 2015 order was not sent to appellant, he had notice of the order from the docket by March 16, 2016, but did not file an appeal until April 28, 2016); *Forehand v. State*, 2013 WL 1633272, at *2 (Del. Feb. 25, 2013) ("In similar facts in previous cases, we have dismissed an untimely appeal when the appellant failed to file the notice of appeal within thirty days of receiving a docket sheet notifying the appellant of the court's decision.").

3